```
                 IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF OREGON


SEIKO EPSON CORPORATION, a Japan            09-CV-477-BR
corporation; EPSON AMERICA, INC.,
a California corporation; and               OPINION AND ORDER
EPSON PORTLAND, INC., an Oregon
corporation,

               Plaintiffs,

v.

ABACUS 24-7 LLC, an Arizona
limited liability company; EFORCITY
CORPORATION, dba EFORCITY.COM, a
California corporation, R& L IMAGING
GROUP, INC., formerly known as IEM
CONSUMABLES, INC., a California
corporation; XP SOLUTIONS, LLC, dba
CLICKINKS.COM, a Florida limited
liability company; CLICKINKS.COM, LLC,
a Florida limited liability company;
GLOBAL BUSINESS SUPPORT SYSTEMS, INC.,
dba PRINTCOUNTRY.COM, a Delaware
corporation; GREEN PROJECT, INC.,
a California corporation; and
JOSEPH WU, an individual,

               Defendants.
```

1  - OPINION AND ORDER

**DAVID W. AXELROD**
**CONNIE C. KONG**
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Ave, Suite 1500-2000
Portland, OR 97204
(503) 222-9981
**HAROLD A. BARZA**
**TIGRAN GULEJEAN**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 624-7707

>      Attorneys for Plaintiffs Seiko Epson
>      Corporation; Epson America, Inc.; and
>      Epson Portland, Inc.

**SCOTT D. EADS**
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR 97209
(503) 727-2192
**KAUSTUV M. DAS**
**RAMSEY M AL-SALAM**
Perkins Coie, LLP
1201 Third Ave., Suite 4800
Seattle, WA 98101
(206) 358-8217

>      Attorneys for Defendant Abacus 24-7 LLC

**ANTHONY EDWARD McNAMER**
**DEBORAH E. GUMM**
McNamer and Company, PC
920 S.W. Third Ave., Suite 200
Portland, OR 97204
(503) 727-2503
**AMY B. LAWRENCE**
Lawrence & Associates
2550 N. Hollywood Way, Suite 202
Burbank, CA 91505
(818) 843-6442

>      Attorneys for Defendants eForCity Corp.
>      and R&L Imaging Group, Inc.

2   - OPINION AND ORDER

**TIMOTHY S. DEJONG**
Stoll Stoll Berne Lokting & Sclachter, PC
209 S.W. Oak St., Fifth Floor
Portland, OR 97204
(503) 227-1600

       Attorney for Defendants Clickinks.Com, LLC
       and XP Solutions Properties, LLC

**TIMOTHY S. DEJONG**

**EDWARD O'CONNOR**
**STEPHEN M. LOBBIN**
The Eclipse Group, LLP
1920 Main St., Suite 150
Irvine, CA 92614
(949) 851-5000

       Attorneys for Global Business Support
       Systems, Inc.

**BRENNA KRISTINE LEGAARD**
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Ave., Suite 1600
Portland, OR 97204
(503) 227-5631
**DARIUS G. ADLI**
**RAYMOND K. CHAN**
**THOMAS T. CHAN**
**YUN LOUISE LU**
Chan Law Group LLP
1055 W. 7th St., #1880
Los Angeles, CA 90017

       Attorneys for Defendants Green Project, Inc.
       and Joseph Wu


**BROWN, Judge.**

    This matter comes before the Court on the Motion (#61) to Sever and Transfer Venue filed by Defendants Green Project, Inc., and Joseph Wu. For the following reasons, the Court **DENIES** the Motion in its entirety.

3   - OPINION AND ORDER

**STANDARDS**

1. **Motion to Sever.**

Under Federal Rule of Civil Procedure 21, the court has "broad discretion whether to sever a claim." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). "[W]here certain claims in an action are properly severed under Fed. R. Civ. P. 21, two separate actions result [and the] district court may transfer one action while retaining jurisdiction over the other." *Chrysler Cred. Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991)(*citing Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968)).

2. **Motion to Transfer**.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Relevant factors for the Court to consider include (1) the state that is most familiar with the governing law, (2) the plaintiff's choice of forum, (3) the respective parties' contacts with the forum, (4) the contacts relating to the plaintiff's cause of action in the chosen forum, (5) the differences in the costs of litigation in the two forums, and (6) the availability of compulsory process to compel attendance of unwilling nonparty witnesses. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 498-99 (9th Cir. 2000).

4 - OPINION AND ORDER

## **DISCUSSION**[1]

Plaintiffs (collectively referred to as Seiko Epson) assert a single claim under 35 U.S.C. § 271 in which they allege Defendants Green Project, Inc., and Joseph Wu (collectively referred to as Green Project) and others have infringed multiple patents for ink-jet printer cartridges issued to Plaintiffs.

Green Project moves to sever Seiko Epson's § 271 claim and its own Counterclaims from the remainder of this case and transfer the § 271 Claim and Counterclaims to the United States District Court for the Central District of California, Western Division, where Green Project's principal place of business is located. Green Project contends severance is appropriate because it is the only party in this case that exclusively sells recycled ink-jet cartridges. Accordingly, it has a defense to Plaintiffs' patent-infringement claims based on patent exhaustion that none of the other Defendants share and that may cause confusion in the minds of the jury and thereby prejudice Green Project.

In addition, Green Project asserts transfer of the severed Claim to California is appropriate because Green Project has few

---

[1] Plaintiffs have filed seven other cases in this District that involve similar patent-infringement claims: *Seiko Epson Corp. v. Print-Rite Holdings Ltd*, 01-CV-500-BR; *Seiko Epson Corp. v. Multi-Union Trading Co., Ltd.*, 01-CV-550-BR; *Seiko Epson Corp. v. Armor S.A.*, 05-567; *Seiko Epson Corp. v. Glory South Software Mfg, Inc.*, 06-CV-236-BR and 06-CV-477-BR; *Seiko Epson Corp. v. E-Babylon, Inc.*, 07-CV-896-BR; and *Seiko Epson Corp. v. Inkjetmadness.com, Inc.*, 08-CV-452-BR.

5  - OPINION AND ORDER

contacts with the District of Oregon and its witnesses are all located in California, which makes it inconvenient to defend this action in Oregon.

Finally, Green Project contends its Counterclaims for Declaratory Relief, Misappropriation of Trade Secrets, Trespass, and Unfair Competition based on alleged misconduct by Seiko-Epson's investigator are unique to Green Project.

Seiko Epson, on the other hand, disputes that its patent claims against Green Project and Green Project's defense of patent exhaustion to those Claims are wholly unique and distinct from the claims and defenses involving other defendants either in this case or in the numerous related cases pending before this Court.  Seiko Epson also offers evidence of a connection between Green Project's principal, Defendant Wu, and other defendants in this case relating to the sale and distribution of allegedly infringing ink cartridges world-wide.  In addition, Seiko Epson offers evidence that other defendants in this case and in the related cases have sold some of the recycled cartridges (remans) produced by Green Project as well as remans produced by others.  Moreover, some of the defendants in both this case and the related cases have asserted a patent-exhaustion defense to Seiko Epson's infringement claims that is substantially the same as the patent-exhaustion defense asserted by Green Project.

For example, Defendant Global Business Support Systems, Inc., dba Print Country.com, alleges patent exhaustion/first sale doctrine in support of its First Affirmative Defense:

> 1. As to any products accused of infringement which were first sold by Plaintiffs or others prior to refilling, reconstruction, refurbishing, importing, marketing, or selling by Defendant, any claims of infringement are barred by the *first sale doctrine*.[2]

(Emphasis added.) *See* Answer, Affirmative Defense, and Counterclaim at 4.

On this record, the Court concludes Defendants Green Project, Inc., and Joseph Wu have failed to establish good reason for this Court to exercise its discretion to sever the claims against them in order to facilitate the transfer to another district of a wholly separate action that, in actuality, involves closely related and complex patent claims and defenses that have been and continue to be litigated in multiple cases in this district for nine years. This Court's long-standing familiarity with each of the related cases militates against a transfer, particularly in light of the commonality of many of the issues including the issues relating to the alleged sale of Seiko Epson's recycled ink cartridges. Moreover, the Court does not

---

[2] Patent exhaustion is commonly referred to by the term "first sale doctrine." *See, e.g., ExcelStor Technology, Inc. v. Papst Licensing GMBH & Co., KG,* 541 F.3d 1373, 1374 (Fed. Cir. 2008).

7  - OPINION AND ORDER

foresee any likelihood of confusion or prejudice to Defendants Green Project or Wu regarding their separate Counterclaims alleging misconduct by Plaintiffs' investigator that would be sufficient to justify transfer of the case to another district.

## CONCLUSION

For these reasons, the Court **DENIES** in its entirety the Motion (#61) to Sever and Transfer Venue filed by Defendants Green Project, Inc., and Joseph Wu.

IT IS SO ORDERED.

DATED this 15th day of December, 2009.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


SEIKO EPSON CORPORATION, a Japan              09-CV-477-BR
corporation; EPSON AMERICA, INC.,
a California corporation; and                 OPINION AND ORDER
EPSON PORTLAND, INC., an Oregon
corporation,

                Plaintiffs,

v.

ABACUS 24-7 LLC, an Arizona
limited liability company; EFORCITY
CORPORATION, dba EFORCITY.COM, a
California corporation, R& L IMAGING
GROUP, INC., formerly known as IEM
CONSUMABLES, INC., a California
corporation; XP SOLUTIONS, LLC, dba
CLICKINKS.COM, a Florida limited
liability company; CLICKINKS.COM, LLC,
a Florida limited liability company;
GLOBAL BUSINESS SUPPORT SYSTEMS, INC.,
dba PRINTCOUNTRY.COM, a Delaware
corporation; GREEN PROJECT, INC.,
a California corporation; and
JOSEPH WU, an individual,

                Defendants.
```

1  - OPINION AND ORDER

**DAVID W. AXELROD**
**CONNIE C. KONG**
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Ave, Suite 1500-2000
Portland, OR 97204
(503) 222-9981
**HAROLD A. BARZA**
**TIGRAN GULEJEAN**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 624-7707

> Attorneys for Plaintiffs Seiko Epson
> Corporation; Epson America, Inc.; and
> Epson Portland, Inc.

**SCOTT D. EADS**
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR 97209
(503) 727-2192
**KAUSTUV M. DAS**
**RAMSEY M AL-SALAM**
Perkins Coie, LLP
1201 Third Ave., Suite 4800
Seattle, WA 98101
(206) 358-8217

> Attorneys for Defendant Abacus 24-7 LLC

**ANTHONY EDWARD McNAMER**
**DEBORAH E. GUMM**
McNamer and Company, PC
920 S.W. Third Ave., Suite 200
Portland, OR 97204
(503) 727-2503
**AMY B. LAWRENCE**
Lawrence & Associates
2550 N. Hollywood Way, Suite 202
Burbank, CA 91505
(818) 843-6442

> Attorneys for Defendants eForCity Corp.
> and R&L Imaging Group, Inc.

2  - OPINION AND ORDER

**TIMOTHY S. DEJONG**
Stoll Stoll Berne Lokting & Sclachter, PC
209 S.W. Oak St., Fifth Floor
Portland, OR 97204
(503) 227-1600

>    Attorney for Defendants Clickinks.Com, LLC
>    and XP Solutions Properties, LLC

**TIMOTHY S. DEJONG**

**EDWARD O'CONNOR**
**STEPHEN M. LOBBIN**
The Eclipse Group, LLP
1920 Main St., Suite 150
Irvine, CA 92614
(949) 851-5000

>    Attorneys for Global Business Support
>    Systems, Inc.

**BRENNA KRISTINE LEGAARD**
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Ave., Suite 1600
Portland, OR 97204
(503) 227-5631
**DARIUS G. ADLI**
**RAYMOND K. CHAN**
**THOMAS T. CHAN**
**YUN LOUISE LU**
Chan Law Group LLP
1055 W. 7th St., #1880
Los Angeles, CA 90017

>    Attorneys for Defendants Green Project, Inc.
>    and Joseph Wu

**BROWN, Judge.**

This matter comes before the Court on the Motion (#61) to Sever and Transfer Venue filed by Defendants Green Project, Inc., and Joseph Wu. For the following reasons, the Court **DENIES** the Motion in its entirety.

3  - OPINION AND ORDER

**STANDARDS**

1. **Motion to Sever.**

Under Federal Rule of Civil Procedure 21, the court has "broad discretion whether to sever a claim." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). "[W]here certain claims in an action are properly severed under Fed. R. Civ. P. 21, two separate actions result [and the] district court may transfer one action while retaining jurisdiction over the other." *Chrysler Cred. Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991)(*citing Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968)).

2. **Motion to Transfer**.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Relevant factors for the Court to consider include (1) the state that is most familiar with the governing law, (2) the plaintiff's choice of forum, (3) the respective parties' contacts with the forum, (4) the contacts relating to the plaintiff's cause of action in the chosen forum, (5) the differences in the costs of litigation in the two forums, and (6) the availability of compulsory process to compel attendance of unwilling nonparty witnesses. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 498-99 (9th Cir. 2000).

4 - OPINION AND ORDER

## **DISCUSSION**[1]

Plaintiffs (collectively referred to as Seiko Epson) assert a single claim under 35 U.S.C. § 271 in which they allege Defendants Green Project, Inc., and Joseph Wu (collectively referred to as Green Project) and others have infringed multiple patents for ink-jet printer cartridges issued to Plaintiffs.

Green Project moves to sever Seiko Epson's § 271 claim and its own Counterclaims from the remainder of this case and transfer the § 271 Claim and Counterclaims to the United States District Court for the Central District of California, Western Division, where Green Project's principal place of business is located. Green Project contends severance is appropriate because it is the only party in this case that exclusively sells recycled ink-jet cartridges. Accordingly, it has a defense to Plaintiffs' patent-infringement claims based on patent exhaustion that none of the other Defendants share and that may cause confusion in the minds of the jury and thereby prejudice Green Project.

In addition, Green Project asserts transfer of the severed Claim to California is appropriate because Green Project has few

---

[1] Plaintiffs have filed seven other cases in this District that involve similar patent-infringement claims: *Seiko Epson Corp. v. Print-Rite Holdings Ltd,* 01-CV-500-BR; *Seiko Epson Corp. v. Multi-Union Trading Co., Ltd.,* 01-CV-550-BR; *Seiko Epson Corp. v. Armor S.A.,* 05-567; *Seiko Epson Corp. v. Glory South Software Mfg, Inc.,* 06-CV-236-BR and 06-CV-477-BR; *Seiko Epson Corp. v. E-Babylon, Inc.,* 07-CV-896-BR; and *Seiko Epson Corp. v. Inkjetmadness.com, Inc.,* 08-CV-452-BR.

5  - OPINION AND ORDER

contacts with the District of Oregon and its witnesses are all located in California, which makes it inconvenient to defend this action in Oregon.

Finally, Green Project contends its Counterclaims for Declaratory Relief, Misappropriation of Trade Secrets, Trespass, and Unfair Competition based on alleged misconduct by Seiko-Epson's investigator are unique to Green Project.

Seiko Epson, on the other hand, disputes that its patent claims against Green Project and Green Project's defense of patent exhaustion to those Claims are wholly unique and distinct from the claims and defenses involving other defendants either in this case or in the numerous related cases pending before this Court.  Seiko Epson also offers evidence of a connection between Green Project's principal, Defendant Wu, and other defendants in this case relating to the sale and distribution of allegedly infringing ink cartridges world-wide.  In addition, Seiko Epson offers evidence that other defendants in this case and in the related cases have sold some of the recycled cartridges (remans) produced by Green Project as well as remans produced by others.  Moreover, some of the defendants in both this case and the related cases have asserted a patent-exhaustion defense to Seiko Epson's infringement claims that is substantially the same as the patent-exhaustion defense asserted by Green Project.

6  - OPINION AND ORDER

For example, Defendant Global Business Support Systems, Inc., dba Print Country.com, alleges patent exhaustion/first sale doctrine in support of its First Affirmative Defense:

> 1.  As to any products accused of infringement which were first sold by Plaintiffs or others prior to refilling, reconstruction, refurbishing, importing, marketing, or selling by Defendant, any claims of infringement are barred by the *first sale doctrine*.[2]

(Emphasis added.)  *See* Answer, Affirmative Defense, and Counterclaim at 4.

On this record, the Court concludes Defendants Green Project, Inc., and Joseph Wu have failed to establish good reason for this Court to exercise its discretion to sever the claims against them in order to facilitate the transfer to another district of a wholly separate action that, in actuality, involves closely related and complex patent claims and defenses that have been and continue to be litigated in multiple cases in this district for nine years.  This Court's long-standing familiarity with each of the related cases militates against a transfer, particularly in light of the commonality of many of the issues including the issues relating to the alleged sale of Seiko Epson's recycled ink cartridges.  Moreover, the Court does not

---

[2]  Patent exhaustion is commonly referred to by the term "first sale doctrine."  *See, e.g., ExcelStor Technology, Inc. v. Papst Licensing GMBH & Co., KG,* 541 F.3d 1373, 1374 (Fed. Cir. 2008).

7  -  OPINION AND ORDER

foresee any likelihood of confusion or prejudice to Defendants Green Project or Wu regarding their separate Counterclaims alleging misconduct by Plaintiffs' investigator that would be sufficient to justify transfer of the case to another district.

## CONCLUSION

For these reasons, the Court **DENIES** in its entirety the Motion (#61) to Sever and Transfer Venue filed by Defendants Green Project, Inc., and Joseph Wu.

IT IS SO ORDERED.

DATED this 15th day of December, 2009.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge