IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEIKO EPSON CORPORATION, a Japan     09-CV-477-BR
corporation; EPSON AMERICA, INC.,
a California corporation; and     OPINION AND ORDER
EPSON PORTLAND, INC., an Oregon
corporation,

         Plaintiffs,

v.

ABACUS 24-7 LLC, an Arizona
limited liability company; EFORCITY
CORPORATION, dba EFORCITY.COM, a
California corporation; R& L IMAGING
GROUP, INC., formerly known as IEM
CONSUMABLES, INC., a California
corporation; XP SOLUTIONS, LLC, dba
CLICKINKS.COM, a Florida limited
liability company; CLICKINKS.COM, LLC,
a Florida limited liability company;
GLOBAL BUSINESS SUPPORT SYSTEMS, INC.,
dba PRINTCOUNTRY.COM, a Delaware
corporation; GREEN PROJECT, INC.,
a California corporation; and
JOSEPH WU, an individual,

         Defendants.

1 - OPINION AND ORDER

**DAVID W. AXELROD**
**CONNIE C. KONG**
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Ave, Suite 1500-2000
Portland, OR 97204
(503) 222-9981
**HAROLD A. BARZA**
**TIGRAN GULEJEAN**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 624-7707

          Attorneys for Plaintiffs Seiko Epson
          Corporation; Epson America, Inc.; and
          Epson Portland, Inc.


**SCOTT D. EADS**
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR 97209
(503) 727-2192
**KAUSTUV M. DAS**
**RAMSEY M AL-SALAM**
Perkins Coie, LLP
1201 Third Ave., Suite 4800
Seattle, WA 98101
(206) 358-8217

          Attorneys for Defendant Abacus 24-7 LLC


**ANTHONY EDWARD McNAMER**
**DEBORAH E. GUMM**
McNamer and Company, PC
920 S.W. Third Ave., Suite 200
Portland, OR 97204
(503) 727-2503
**AMY B. LAWRENCE**
Lawrence & Associates
2550 N. Hollywood Way, Suite 202
Burbank, CA 91505
(818) 843-6442

          Attorneys for Defendants eForCity Corp.
          and R&L Imaging Group, Inc.

**TIMOTHY S. DEJONG**
Stoll Stoll Berne Lokting & Sclachter, PC
209 S.W. Oak St., Fifth Floor
Portland, OR 97204
(503) 227-1600

                Attorney for Defendants Clickinks.Com, LLC,
                and XP Solutions Properties, LLC

**TIMOTHY S. DEJONG**
**EDWARD O'CONNOR**
**STEPHEN M. LOBBIN**
The Eclipse Group, LLP
1920 Main St., Suite 150
Irvine, CA 92614
(949) 851-5000

                Attorneys for Global Business Support
                Systems, Inc.

**BRENNA KRISTINE LEGAARD**
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Ave., Suite 1600
Portland, OR 97204
(503) 227-5631
**DARIUS G. ADLI**
**RAYMOND K. CHAN**
**THOMAS T. CHAN**
**YUN LOUISE LU**
Chan Law Group LLP
1055 W. 7th St., #1880
Los Angeles, CA 90017

                Attorneys for Defendants Green Project, Inc.,
                and Joseph Wu

**BROWN, Judge.**

    This matter comes before the Court on the Motion (#106)
of Plaintiffs and Counter-Defendants Seiko Epson Corporation;
Epson America, Inc.; and Epson Portland, Inc. (hereinafter
referred to collectively as Seiko Epson) to Dismiss Defendant
Green Project, Inc.'s Counterclaims for misappropriation of

3  - OPINION AND ORDER

trade secrets, trespass, and unfair competition.  For the
following reasons, the Court **GRANTS in part** and **DENIES in part**
Seiko Epson's Motion.


## STANDARDS

On a Motion to Dismiss for failure to state a claim upon
which relief can be granted under Federal Rule of Civil Procedure
12(b)(6), all allegations in the complaint are considered true
and are construed in the plaintiff' favor.  *Meek v. County of
Riverside*, 183 F.3d 962, 965 (9th Cir.), *cert. denied,* 120 S. Ct.
499 (1999).  The court should not dismiss a claim under Rule
12(b)(6) before trial "unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief."  *Navarro v. Block*, 250 F.3d 729,
732 (9th Cir. 2001)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46
(1957)).


## BACKGROUND

In their Second Amended Complaint, Seiko Epson asserts one
claim of patent infringement under 35 U.S.C. § 271 alleging Green
Project and others infringed multiple patents for ink-jet printer
cartridges issued to Seiko Epson.

In its Second Amended Answer, Affirmative Defenses, and
Counterclaims, Green Project denies Seiko Epson's claims and

asserts Counterclaims for misappropriation of trade secrets, trespass, and unfair competition.[1]  Each of these Counterclaims relates to Seiko-Epson's conduct when investigating Green Project's allegedly infringing activities.  The following facts drawn from allegations in Green Project's Second Amended Answer, Affirmative Defenses, and Counterclaims are deemed to be true for purposes of this Motion only.

**A.    Second Counterclaim - Misappropriation of Trade Secrets.[2]**

Herbert Seitz is a special investigator in California who at all relevant times worked as an agent of Seiko Epson.  Seiko Epson was aware of and approved Seitz's action.

In May 2009, Seitz used a false identity and misrepresented to Green Project's Director of Sales in California that he was a customer interested in purchasing Green Project's ink cartridges for use in Seiko Epson printers.  Seitz misled Green Project into sending him its price lists and International Organization

---

[1]  In its First Counterclaim, Green Project seeks a declaratory judgment of noninfringement, invalidity, and unenforceability under multiple sections of the Patent Code. Seiko Epson's pending Motion challenges only the Second, Third, and Fourth Counterclaims.

[2]  The parties agree California substantive law applies to the tort Counterclaims on the basis that Herbert Seitz, whose conduct is at the heart of the three tort Counterclaims, resides and is licensed in California and his conduct that gives rise to the tort Counterclaims occurred in California.

for Standardization (IOS)[3] certification that identified its supplier.  Such information is proprietary because it has economic value that competitors could use to obtain an unfair economic advantage.  For that reason, Green Project exercises reasonable care to protect its price lists and ISO supplier certification from unauthorized disclosure and would not knowingly provide such information to a competitor.  Seiko Epson used Green Project's price lists and ISO certification without Green Project's express or implied consent, and, as noted, Seiko Epson knew Seitz obtained the materials through subterfuge.

Green Project seeks monetary damages arising from the alleged misappropriation of its trade secrets.

**B.**    **Third Counterclaim - Trespass**.

Seitz entered Green Project's warehouse without permission through an entrance located on private property that is not open to the public.  Seitz told a Green Project employee that he was looking for a Green Project sales representative.  The employee escorted Seitz to an office where Defendant Wu recognized him as a "likely investigator working for [Seiko Epson]."

Green Project seeks monetary damages resulting from Seitz's alleged trespass.

___

[3] "ISO standards specify the requirements for state-of-the-art products, services, processes, materials and systems, and for good conformity assessment, managerial and organizational practice." *See* http://iso.org/isoinbrief.

C.   **Fourth Counterclaim - Unfair Competition**.

Green Project contends the same facts that support its
Counterclaims for misappropriation of trade secrets and trespass
also support its Counterclaim for unfair competition pursuant to
California Business and Professions Code §§ 17200, *et seq*.


**DISCUSSION**

A.   **Green Project's Counterclaim for Misappropriation of Trade
Secrets and Use of Its Price Lists and ISO Certification**.

Seiko Epson contends, as a matter of law, Seitz's use of
subterfuge to obtain certain information from Green Project in
aid of Seiko Epson's litigation objectives was permissible and
absolutely privileged under California law.   Moreover, Seiko
Epson contends the price lists and ISO certification that Seitz
obtained from Green Project did not include otherwise protectable
trade secrets as a matter of law.

Green Project, however, contends Seitz, while acting as
Seiko-Epson's agent, illegally obtained the information because
California law does not allow an investigator retained by a
litigant "to lie, cheat and deceive to get the information he
seeks" in order to further his client's litigation position.   In
addition, Green Project contends there are disputed issues of
material fact as to whether the information that Seitz obtained
on behalf of Seiko Epson includes trade secrets, which would
potentially vitiate Seiko Epson's absolute privilege to obtain

7  - OPINION AND ORDER

that information in the manner that it did.  Accordingly, Green
Project asserts the Court should not dismiss Green Project's
Counterclaim for misappropriation of trade secrets for failure to
state a claim.

>    **1.  California Litigation Privilege**.

Subject to exceptions that are not relevant to this matter,
California Civil Code § 47(b)(2) creates an "absolute" privilege
that bars civil liability arising from "communications" made in
judicial proceedings "to achieve the objects of the litigation,
even though the [communication] is made outside the courtroom
and no function of the court or its officers is involved."
*Silberg v. Anderson*, 50 Cal. 3d 205, 212-14 (1990).  "[T]he
privilege applies to any communication (1) made in judicial
or quasi-judicial proceedings; (2) by litigants or other
participants authorized by law; (3) to achieve the objects of
the litigation; and (4) that have some connection or logical
relation to the action."  *Id.* at 212.

California courts have applied the privilege in tort claims
such as abuse of process, intentional infliction of emotional
distress, intentional inducement of breach of contract, negligent
misrepresentation, invasion of privacy, negligence, and fraud.
*Id.* at 215.  The privilege applies to communications by potential
parties before litigation is commenced if the communications
bear some relation to the potential litigation.  *Rubin v. Green,*

4 Cal. 4th 1187, 1194 (1993).  *See also Ascherman v. Natanson,*
23 Cal. App. 3d 861 (1972)("[T]he absolute privilege in . . .
judicial proceedings extends to preliminary conversations and
interviews between a prospective witness and an attorney if they
are some way related to or connected with a pending or
contemplated action.").

    **2.  Limitation on Application of the Privilege.**

    California Civil Code § 3426.11 provides the privilege,
however, does not apply in a judicial proceeding involving

> the voluntary, intentional disclosure of
> trade secret information, unauthorized by its
> owner, to a competitor or potential
> competitor of the owner of the trade secret
> information or the agent or representative of
> such a competitor or potential competitor.

    Accordingly, California's litigation privilege shields
Seiko Epson from liability based on Green Project's Counterclaim
for misappropriation of trade secrets if Seitz's alleged
misconduct (1) involved "communications" made by Seitz as an
authorized agent of Seiko Epson; (2) either in anticipation of
or during the course of this case; (3) relating to issues
involved in the case; (4) for the purpose of furthering Seiko
Epson's litigation objectives; and (5) did not result in the
voluntary, intentional disclosure of Green Project's trade
secrets to Seiko Epson by someone not authorized by Green Project
to do so.

9  - OPINION AND ORDER

**3.  Analysis.**

Seiko Epson asserts California's absolute litigation privilege bars Green Project's Counterclaim for misappropriation of trade secrets because Green Project's allegations, even if proved, do not establish a legal basis to vitiate the privilege.

Green Project, however, contends the privilege does not apply because Seitz violated California law when it obtained Green Project's price lists and ISO certification.  In addition, any privilege that may have attached to Seiko Epson's conduct does not apply because the information Seitz disclosed to Seiko Epson involved trade secrets that Green Project did not authorize Seitz to disclose.

(a)  <u>Violation of California Law</u>.

California Business & Professional Code § 7561.4 regulates the conduct of private investigators who are licensed in California.  It provides in relevant part:

> The director may suspend or revoke a license issued under this chapter if he or she determines that the licensee . . . has committed any act in the course of the licensee's business constituting dishonesty or fraud.
>
> Dishonesty or fraud as used in this section, includes, in addition to other acts not specifically enumerated herein:
>
> (a) Knowingly making a false statement relating to evidence or information obtained in the course of employment, or knowingly publishing a slander or a libel in the course of business.

10 – OPINION AND ORDER

Green Project contends Seitz's use of an alias and his misrepresentation of his purpose for being on Green Project's premises were false statements under § 7561.4, and, as a result, "Seitz's private investigator license is in serious jeopardy." Green Project, however, does not cite any legal authority to support its contention that Seitz's conduct vitiates Seiko Epson's absolute privilege in this matter.  In fact, to the contrary, California courts have upheld the absolute nature of the privilege regardless of such alleged misconduct.  For example, in *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (2002), the court affirmed the "privilege does not depend on the publisher's 'motives, morals, ethics, or intent.'"  *See also Silberg*, 50 Cal. 3d at 220.

On this record, the Court concludes as a matter of law that Seitz's purported violation of California Business & Professional Code § 7561.4 regulating his ethical professional conduct does not subject Seitz or Seiko Epson to potential tort liability for misappropriation of trade secrets based on the allegations in Green Project's Counterclaim.

(b)  <u>Trade Secrets</u>.

Green Project alleges its ISO certification and price lists are trade secrets and that Seitz deceived Green Project's Director of Sales into sending those trade secrets to Seitz,

11 - OPINION AND ORDER

which he, in turn, passed on to Seiko Epson.  Accordingly, Seiko
Epson's conduct is governed by the Uniform Trade Secrets Act
(CUTSA), California Civil Code § 3426.11, and as a result, Seiko
Epson may not avail itself of the absolute privilege against tort
liability arising from misappropriation of trade secrets.  Under
California Civil Code § 3426.1(d), a trade secret is defined as

> information, including a formula, pattern,
> compilation, program, device, method, technique,
> or process, that:
>
> > (1) *Derives independent economic value,*
> > *actual or potential, from not being*
> > *generally known to the public* or to
> > other persons who can obtain economic
> > value from its disclosure or use; and
> >
> > (2) *Is the subject of efforts that are*
> > *reasonable under the circumstances to*
> > *maintain its secrecy.*

(Emphasis added.)

Green Project asserts there are genuine issues of
material fact as to whether its ISO certification and price
lists are trade secrets, which forecloses Seiko Epson's Motion
to Dismiss for failure to state a claim under Federal Rule of
Civil Procedure 12(b)(6).  To support its position, Green Project
asserts that it "derives independent economic value from its
price lists and the ISO certification not being known by its
competitors."  Specifically, Green Project alleges

> [a]t all times relevant herein, Green Project
> exercises reasonable care to maintain the
> secrecy of its price lists.  For example,

> Green project typically shares its price
> lists only with known , trusted customers,
> and includes the following warning on each
> price list:  "The recipient has no right to
> disclose the price lice list to any other
> person."

Second Am. Answer, ¶¶ 39, 43, and 44.

Seiko Epson, however, asserts neither Green Project's ISO certification nor its price list are trade secrets because Green Project did not take reasonable steps to maintain the secrecy of information contained in those documents.[4]

On this issue, courts have been reluctant even to grant summary judgment as to what constitutes "reasonable efforts" to protect trade secrets.  *See, e.g., Rockwell Graphic Sys., Inc. v. Dev Ind., Inc.,* 925 F.2d 174, 179 (7th Cir. 1991)("[O]nly in an extreme case can what is a reasonable precaution [to protect trade secrets] be determined on a motion for summary judgment.").

On this record, the Court concludes Green Project's allegations as to the measures it took to protect its purported trade secrets are sufficient to state a Counterclaim for misappropriation of trade secrets.

---

[4] Seiko Epson offers evidence that Green Project's ISO certification as to its supplier is generally available to the public and, therefore, cannot be considered a trade secret. The matter is before the Court, however, on a Motion to Dismiss based on the sufficiency of Green Project's allegations in its Counterclaim rather than on the sufficiency of the facts supporting Green Project's allegations.

B.  **Green Project's Counterclaim for Trespass**.

Green Project contends it is entitled to damages against Seiko Epson for harm that Green Project allegedly suffered from Seitz's "unauthorized entry to Green Project's warehouse [] via the rear entrance, which is not open to the public."  Seiko Epson, however, contends Seitz did not trespass on Green Project's property because he was a business invitee.

"The essence of the cause of action for trespass is an unauthorized entry onto the land of another." *Civic West. Corp. v. Zila Ind., Inc*. 66 Cal. App. 3d 1, 16 (1977).  In *O'Keefe v. South End Rowing Club,* 64 Cal. 2d 729, 737-38 (1966), the California Supreme Court adopted the factors set forth in *Restatement (Second) of Torts* § 332 (1977) as to who qualifies as a business invitee.  In the Comment to § 332, the Restatement lists a variety of "factors important in determining invitation," including "the desire or willingness of the possessor to receive the [visitor]," "words or other conduct" of the "possessor" expressing that willingness, and the nature of the premises.

The Court finds Green Project's allegations that Seitz entered Green Project's warehouse without permission through an entrance located on private property that is not open to the public are sufficient to state a Counterclaim for trespass.

C.  **Green Project's Counterclaim for Unfair Competition**.

Green Project contends Seiko Epson's misappropriation of

14 - OPINION AND ORDER

Green Project's trade secrets and Seiko Epson's trespass on Green
Project's property constitutes unfair competition under
California law.  Seiko Epson, however, contends Green Project's
unfair-competition Counterclaim is preempted under California law
because it is ultimately based solely on Seiko Epson's alleged
misappropriation of trade secrets.

California Business & Professional Code § 17200 defines
"unfair competition" in relevant part as "any unlawful, unfair
or fraudulent business act or practice."  California courts
have held an unfair-competition claim to be preempted when
"the claim rests squarely on [its] factual allegations of trade
secret misappropriation."  *K.C. Multimedia, Inc. v. Bank of Am.
Tech. & Operation, Inc.*, 171 Cal. App. 4th 939, 962 (2009).
*See also Digital Envoy, Inc. v. Google, Inc.,* 370 F. Supp. 2d
1025, 1035 (N.D. Cal. 2005)(CUTSA preempts a claim for unfair
competition and unjust enrichment if the claim is based on the
same facts as the misappropriation of trade-secrets claim).

On this record, the Court concludes California law
bars Green Project from basing its Counterclaim for unfair
competition on any of the facts underlying its Counterclaim
for misappropriation of trade secrets.  The Court finds, however,
Green Project has stated a claim for unfair competition to the
extent that claim is based on the same allegations underlying its
Counterclaim for trespass.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Seiko Epson's Motion (#106) to Dismiss Defendant Green Project Inc.'s Counterclaims for misappropriation of trade secrets, trespass, and unfair competition as follows:

1. **DENIES** the Motion as to Green Project's Counterclaims for misappropriation of trade secrets and trespass;

2. **DENIES** the Motion as to Green Project's Counterclaim for unfair competition to the extent that Counterclaim is based on Seiko Epson's alleged trespass; and

3. **GRANTS** the Motion as to Green Project's Counterclaim for unfair competition to the extent that Counterclaim is based on the same underlying facts as Seiko Epson's claim for alleged misappropriation of trade secrets.

IT IS SO ORDERED.

DATED this 5th day of January, 2010.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEIKO EPSON CORPORATION, a Japan                09-CV-477-BR
corporation; EPSON AMERICA, INC.,
a California corporation; and                   OPINION AND ORDER
EPSON PORTLAND, INC., an Oregon
corporation,

        Plaintiffs,

v.

ABACUS 24-7 LLC, an Arizona
limited liability company; EFORCITY
CORPORATION, dba EFORCITY.COM, a
California corporation; R& L IMAGING
GROUP, INC., formerly known as IEM
CONSUMABLES, INC., a California
corporation; XP SOLUTIONS, LLC, dba
CLICKINKS.COM, a Florida limited
liability company; CLICKINKS.COM, LLC,
a Florida limited liability company;
GLOBAL BUSINESS SUPPORT SYSTEMS, INC.,
dba PRINTCOUNTRY.COM, a Delaware
corporation; GREEN PROJECT, INC.,
a California corporation; and
JOSEPH WU, an individual,

        Defendants.

1  - OPINION AND ORDER

**DAVID W. AXELROD**
**CONNIE C. KONG**
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Ave, Suite 1500-2000
Portland, OR 97204
(503) 222-9981
**HAROLD A. BARZA**
**TIGRAN GULEJEAN**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 624-7707

> Attorneys for Plaintiffs Seiko Epson
> Corporation; Epson America, Inc.; and
> Epson Portland, Inc.


**SCOTT D. EADS**
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR 97209
(503) 727-2192
**KAUSTUV M. DAS**
**RAMSEY M AL-SALAM**
Perkins Coie, LLP
1201 Third Ave., Suite 4800
Seattle, WA 98101
(206) 358-8217

> Attorneys for Defendant Abacus 24-7 LLC


**ANTHONY EDWARD McNAMER**
**DEBORAH E. GUMM**
McNamer and Company, PC
920 S.W. Third Ave., Suite 200
Portland, OR 97204
(503) 727-2503
**AMY B. LAWRENCE**
Lawrence & Associates
2550 N. Hollywood Way, Suite 202
Burbank, CA 91505
(818) 843-6442

> Attorneys for Defendants eForCity Corp.
> and R&L Imaging Group, Inc.


2  - OPINION AND ORDER

**TIMOTHY S. DEJONG**
Stoll Stoll Berne Lokting & Sclachter, PC
209 S.W. Oak St., Fifth Floor
Portland, OR 97204
(503) 227-1600

                 Attorney for Defendants Clickinks.Com, LLC,
                 and XP Solutions Properties, LLC

**TIMOTHY S. DEJONG**
**EDWARD O'CONNOR**
**STEPHEN M. LOBBIN**
The Eclipse Group, LLP
1920 Main St., Suite 150
Irvine, CA 92614
(949) 851-5000

                 Attorneys for Global Business Support
                 Systems, Inc.

**BRENNA KRISTINE LEGAARD**
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Ave., Suite 1600
Portland, OR 97204
(503) 227-5631
**DARIUS G. ADLI**
**RAYMOND K. CHAN**
**THOMAS T. CHAN**
**YUN LOUISE LU**
Chan Law Group LLP
1055 W. 7th St., #1880
Los Angeles, CA 90017

                 Attorneys for Defendants Green Project, Inc.,
                 and Joseph Wu

**BROWN, Judge.**

    This matter comes before the Court on the Motion (#106)
of Plaintiffs and Counter-Defendants Seiko Epson Corporation;
Epson America, Inc.; and Epson Portland, Inc. (hereinafter
referred to collectively as Seiko Epson) to Dismiss Defendant
Green Project, Inc.'s Counterclaims for misappropriation of

3  - OPINION AND ORDER

trade secrets, trespass, and unfair competition.  For the
following reasons, the Court **GRANTS in part** and **DENIES in part**
Seiko Epson's Motion.

## STANDARDS

On a Motion to Dismiss for failure to state a claim upon
which relief can be granted under Federal Rule of Civil Procedure
12(b)(6), all allegations in the complaint are considered true
and are construed in the plaintiff' favor.  *Meek v. County of
Riverside*, 183 F.3d 962, 965 (9th Cir.), *cert. denied,* 120 S. Ct.
499 (1999).  The court should not dismiss a claim under Rule
12(b)(6) before trial "unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief."  *Navarro v. Block*, 250 F.3d 729,
732 (9th Cir. 2001)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46
(1957)).

## BACKGROUND

In their Second Amended Complaint, Seiko Epson asserts one
claim of patent infringement under 35 U.S.C. § 271 alleging Green
Project and others infringed multiple patents for ink-jet printer
cartridges issued to Seiko Epson.

In its Second Amended Answer, Affirmative Defenses, and
Counterclaims, Green Project denies Seiko Epson's claims and

4  - OPINION AND ORDER

asserts Counterclaims for misappropriation of trade secrets, trespass, and unfair competition.[1]  Each of these Counterclaims relates to Seiko-Epson's conduct when investigating Green Project's allegedly infringing activities.  The following facts drawn from allegations in Green Project's Second Amended Answer, Affirmative Defenses, and Counterclaims are deemed to be true for purposes of this Motion only.

A.    **Second Counterclaim - Misappropriation of Trade Secrets**.[2]

Herbert Seitz is a special investigator in California who at all relevant times worked as an agent of Seiko Epson.  Seiko Epson was aware of and approved Seitz's action.

In May 2009, Seitz used a false identity and misrepresented to Green Project's Director of Sales in California that he was a customer interested in purchasing Green Project's ink cartridges for use in Seiko Epson printers.  Seitz misled Green Project into sending him its price lists and International Organization

---

[1]  In its First Counterclaim, Green Project seeks a declaratory judgment of noninfringement, invalidity, and unenforceability under multiple sections of the Patent Code. Seiko Epson's pending Motion challenges only the Second, Third, and Fourth Counterclaims.

[2]  The parties agree California substantive law applies to the tort Counterclaims on the basis that Herbert Seitz, whose conduct is at the heart of the three tort Counterclaims, resides and is licensed in California and his conduct that gives rise to the tort Counterclaims occurred in California.

5  - OPINION AND ORDER

for Standardization (IOS)[3] certification that identified its
supplier.  Such information is proprietary because it has
economic value that competitors could use to obtain an unfair
economic advantage.  For that reason, Green Project exercises
reasonable care to protect its price lists and ISO supplier
certification from unauthorized disclosure and would not
knowingly provide such information to a competitor.  Seiko Epson
used Green Project's price lists and ISO certification without
Green Project's express or implied consent, and, as noted, Seiko
Epson knew Seitz obtained the materials through subterfuge.

Green Project seeks monetary damages arising from the
alleged misappropriation of its trade secrets.

**B.    <u>Third Counterclaim - Trespass</u>.**

Seitz entered Green Project's warehouse without permission
through an entrance located on private property that is not open
to the public.  Seitz told a Green Project employee that he was
looking for a Green Project sales representative.  The employee
escorted Seitz to an office where Defendant Wu recognized him as
a "likely investigator working for [Seiko Epson]."

Green Project seeks monetary damages resulting from Seitz's
alleged trespass.

---

[3] "ISO standards specify the requirements for state-of-the-art
products, services, processes, materials and systems, and for good
conformity assessment, managerial and organizational practice."
*See* http://iso.org/isoinbrief.

6   - OPINION AND ORDER

C.  **<u>Fourth Counterclaim - Unfair Competition</u>**.

Green Project contends the same facts that support its Counterclaims for misappropriation of trade secrets and trespass also support its Counterclaim for unfair competition pursuant to California Business and Professions Code §§ 17200, *et seq.*

**<u>DISCUSSION</u>**

A.  **<u>Green Project's Counterclaim for Misappropriation of Trade Secrets and Use of Its Price Lists and ISO Certification</u>**.

Seiko Epson contends, as a matter of law, Seitz's use of subterfuge to obtain certain information from Green Project in aid of Seiko Epson's litigation objectives was permissible and absolutely privileged under California law.  Moreover, Seiko Epson contends the price lists and ISO certification that Seitz obtained from Green Project did not include otherwise protectable trade secrets as a matter of law.

Green Project, however, contends Seitz, while acting as Seiko-Epson's agent, illegally obtained the information because California law does not allow an investigator retained by a litigant "to lie, cheat and deceive to get the information he seeks" in order to further his client's litigation position.  In addition, Green Project contends there are disputed issues of material fact as to whether the information that Seitz obtained on behalf of Seiko Epson includes trade secrets, which would potentially vitiate Seiko Epson's absolute privilege to obtain

7  - OPINION AND ORDER

that information in the manner that it did.  Accordingly, Green

Project asserts the Court should not dismiss Green Project's

Counterclaim for misappropriation of trade secrets for failure to

state a claim.

**1.  California Litigation Privilege.**

Subject to exceptions that are not relevant to this matter,

California Civil Code § 47(b)(2) creates an "absolute" privilege

that bars civil liability arising from "communications" made in

judicial proceedings "to achieve the objects of the litigation,

even though the [communication] is made outside the courtroom

and no function of the court or its officers is involved."

*Silberg v. Anderson*, 50 Cal. 3d 205, 212-14 (1990).  "[T]he

privilege applies to any communication (1) made in judicial

or quasi-judicial proceedings; (2) by litigants or other

participants authorized by law; (3) to achieve the objects of

the litigation; and (4) that have some connection or logical

relation to the action."  *Id.* at 212.

California courts have applied the privilege in tort claims

such as abuse of process, intentional infliction of emotional

distress, intentional inducement of breach of contract, negligent

misrepresentation, invasion of privacy, negligence, and fraud.

*Id.* at 215.  The privilege applies to communications by potential

parties before litigation is commenced if the communications

bear some relation to the potential litigation.  *Rubin v. Green,*

8  - OPINION AND ORDER

4 Cal. 4th 1187, 1194 (1993).  *See also Ascherman v. Natanson,*
23 Cal. App. 3d 861 (1972)("[T]he absolute privilege in . . .
judicial proceedings extends to preliminary conversations and
interviews between a prospective witness and an attorney if they
are some way related to or connected with a pending or
contemplated action.").

> **2.  Limitation on Application of the Privilege.**

California Civil Code § 3426.11 provides the privilege,
however, does not apply in a judicial proceeding involving

> the voluntary, intentional disclosure of
> trade secret information, unauthorized by its
> owner, to a competitor or potential
> competitor of the owner of the trade secret
> information or the agent or representative of
> such a competitor or potential competitor.

Accordingly, California's litigation privilege shields
Seiko Epson from liability based on Green Project's Counterclaim
for misappropriation of trade secrets if Seitz's alleged
misconduct (1) involved "communications" made by Seitz as an
authorized agent of Seiko Epson; (2) either in anticipation of
or during the course of this case; (3) relating to issues
involved in the case; (4) for the purpose of furthering Seiko
Epson's litigation objectives; and (5) did not result in the
voluntary, intentional disclosure of Green Project's trade
secrets to Seiko Epson by someone not authorized by Green Project
to do so.

9  – OPINION AND ORDER

**3.  Analysis.**

Seiko Epson asserts California's absolute litigation privilege bars Green Project's Counterclaim for misappropriation of trade secrets because Green Project's allegations, even if proved, do not establish a legal basis to vitiate the privilege.

Green Project, however, contends the privilege does not apply because Seitz violated California law when it obtained Green Project's price lists and ISO certification.  In addition, any privilege that may have attached to Seiko Epson's conduct does not apply because the information Seitz disclosed to Seiko Epson involved trade secrets that Green Project did not authorize Seitz to disclose.

    (a)  <u>Violation of California Law</u>.

    California Business & Professional Code § 7561.4 regulates the conduct of private investigators who are licensed in California.  It provides in relevant part:

> The director may suspend or revoke a license
> issued under this chapter if he or she
> determines that the licensee . . . has
> committed any act in the course of the
> licensee's business constituting dishonesty
> or fraud.
>
> Dishonesty or fraud as used in this section,
> includes, in addition to other acts not
> specifically enumerated herein:
>
> (a) Knowingly making a false statement
> relating to evidence or information obtained
> in the course of employment, or knowingly
> publishing a slander or a libel in the course
> of business.

Green Project contends Seitz's use of an alias and his misrepresentation of his purpose for being on Green Project's premises were false statements under § 7561.4, and, as a result, "Seitz's private investigator license is in serious jeopardy." Green Project, however, does not cite any legal authority to support its contention that Seitz's conduct vitiates Seiko Epson's absolute privilege in this matter.  In fact, to the contrary, California courts have upheld the absolute nature of the privilege regardless of such alleged misconduct.  For example, in *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (2002), the court affirmed the "privilege does not depend on the publisher's 'motives, morals, ethics, or intent.'"  *See also Silberg*, 50 Cal. 3d at 220.

On this record, the Court concludes as a matter of law that Seitz's purported violation of California Business & Professional Code § 7561.4 regulating his ethical professional conduct does not subject Seitz or Seiko Epson to potential tort liability for misappropriation of trade secrets based on the allegations in Green Project's Counterclaim.

(b)  <u>Trade Secrets</u>.

Green Project alleges its ISO certification and price lists are trade secrets and that Seitz deceived Green Project's Director of Sales into sending those trade secrets to Seitz,

which he, in turn, passed on to Seiko Epson.  Accordingly, Seiko

Epson's conduct is governed by the Uniform Trade Secrets Act

(CUTSA), California Civil Code § 3426.11, and as a result, Seiko

Epson may not avail itself of the absolute privilege against tort

liability arising from misappropriation of trade secrets.  Under

California Civil Code § 3426.1(d), a trade secret is defined as

> information, including a formula, pattern,
> compilation, program, device, method, technique,
> or process, that:
>
> > (1) *Derives independent economic value,*
> > *actual or potential, from not being*
> > *generally known to the public* or to
> > other persons who can obtain economic
> > value from its disclosure or use; and
> >
> > (2) *Is the subject of efforts that are*
> > *reasonable under the circumstances to*
> > *maintain its secrecy*.

(Emphasis added.)

Green Project asserts there are genuine issues of

material fact as to whether its ISO certification and price

lists are trade secrets, which forecloses Seiko Epson's Motion

to Dismiss for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6).  To support its position, Green Project

asserts that it "derives independent economic value from its

price lists and the ISO certification not being known by its

competitors."  Specifically, Green Project alleges

> [a]t all times relevant herein, Green Project
> exercises reasonable care to maintain the
> secrecy of its price lists.  For example,

12 - OPINION AND ORDER

> Green project typically shares its price
> lists only with known , trusted customers,
> and includes the following warning on each
> price list:  "The recipient has no right to
> disclose the price lice list to any other
> person."

Second Am. Answer, ¶¶ 39, 43, and 44.

Seiko Epson, however, asserts neither Green Project's ISO certification nor its price list are trade secrets because Green Project did not take reasonable steps to maintain the secrecy of information contained in those documents.[4]

On this issue, courts have been reluctant even to grant summary judgment as to what constitutes "reasonable efforts" to protect trade secrets. *See, e.g., Rockwell Graphic Sys., Inc. v. Dev Ind., Inc.,* 925 F.2d 174, 179 (7th Cir. 1991)("[O]nly in an extreme case can what is a reasonable precaution [to protect trade secrets] be determined on a motion for summary judgment.").

On this record, the Court concludes Green Project's allegations as to the measures it took to protect its purported trade secrets are sufficient to state a Counterclaim for misappropriation of trade secrets.

---

[4] Seiko Epson offers evidence that Green Project's ISO certification as to its supplier is generally available to the public and, therefore, cannot be considered a trade secret. The matter is before the Court, however, on a Motion to Dismiss based on the sufficiency of Green Project's allegations in its Counterclaim rather than on the sufficiency of the facts supporting Green Project's allegations.

B.  **Green Project's Counterclaim for Trespass**.

Green Project contends it is entitled to damages against Seiko Epson for harm that Green Project allegedly suffered from Seitz's "unauthorized entry to Green Project's warehouse [] via the rear entrance, which is not open to the public."  Seiko Epson, however, contends Seitz did not trespass on Green Project's property because he was a business invitee.

"The essence of the cause of action for trespass is an unauthorized entry onto the land of another."  *Civic West. Corp. v. Zila Ind., Inc*. 66 Cal. App. 3d 1, 16 (1977).  In *O'Keefe v. South End Rowing Club,* 64 Cal. 2d 729, 737-38 (1966), the California Supreme Court adopted the factors set forth in *Restatement (Second) of Torts* § 332 (1977) as to who qualifies as a business invitee.  In the Comment to § 332, the Restatement lists a variety of "factors important in determining invitation," including "the desire or willingness of the possessor to receive the [visitor]," "words or other conduct" of the "possessor" expressing that willingness, and the nature of the premises.

The Court finds Green Project's allegations that Seitz entered Green Project's warehouse without permission through an entrance located on private property that is not open to the public are sufficient to state a Counterclaim for trespass.

C.  **Green Project's Counterclaim for Unfair Competition**.

Green Project contends Seiko Epson's misappropriation of

14 - OPINION AND ORDER

Green Project's trade secrets and Seiko Epson's trespass on Green Project's property constitutes unfair competition under California law. Seiko Epson, however, contends Green Project's unfair-competition Counterclaim is preempted under California law because it is ultimately based solely on Seiko Epson's alleged misappropriation of trade secrets.

California Business & Professional Code § 17200 defines "unfair competition" in relevant part as "any unlawful, unfair or fraudulent business act or practice." California courts have held an unfair-competition claim to be preempted when "the claim rests squarely on [its] factual allegations of trade secret misappropriation." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operation, Inc.*, 171 Cal. App. 4th 939, 962 (2009). *See also Digital Envoy, Inc. v. Google, Inc.,* 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005)(CUTSA preempts a claim for unfair competition and unjust enrichment if the claim is based on the same facts as the misappropriation of trade-secrets claim).

On this record, the Court concludes California law bars Green Project from basing its Counterclaim for unfair competition on any of the facts underlying its Counterclaim for misappropriation of trade secrets. The Court finds, however, Green Project has stated a claim for unfair competition to the extent that claim is based on the same allegations underlying its Counterclaim for trespass.

15 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **GRANTS in part** and **DENIES in part** Seiko Epson's Motion (#106) to Dismiss Defendant Green Project Inc.'s Counterclaims for misappropriation of trade secrets, trespass, and unfair competition as follows:

1. **DENIES** the Motion as to Green Project's Counterclaims for misappropriation of trade secrets and trespass;

2. **DENIES** the Motion as to Green Project's Counterclaim for unfair competition to the extent that Counterclaim is based on Seiko Epson's alleged trespass; and

3. **GRANTS** the Motion as to Green Project's Counterclaim for unfair competition to the extent that Counterclaim is based on the same underlying facts as Seiko Epson's claim for alleged misappropriation of trade secrets.

IT IS SO ORDERED.

DATED this 5th day of January, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge