RECVD '10 DEC 20 14:43USDC-ORP

**David W. Axelrod, OSB #75023**
E-mail: daxelrod@schwabe.com
**Devon Zastrow Newman, OSB #014627**
E-mail: dnewman@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1500-2000
Portland, OR 97204
Telephone 503-222-9981
Facsimile 503-796-2900

**Harold A. Barza, Cal. Bar #80888**
E-mail: halbarza@quinnemanuel.com
**Tigran Guledjian, Cal. Bar #207613**
E-mail: tigranguledjian@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone (213) 443-3000
Facsimile (213) 443-3100

*Attorneys for Plaintiffs/Counter-Defendants Seiko Epson
Corporation, Epson America, Inc., and Epson Portland Inc., and
Counter-Defendant Herbert W. Seitz*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SEIKO EPSON CORPORATION,** a Japan corporation; **EPSON AMERICA, INC.**, a California corporation; and **EPSON PORTLAND INC.**, an Oregon corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **GLORY SOUTH SOFTWARE MANUFACTURING INC.**, a California corporation; **BUTTERFLY PRINT IMAGE CORP. LTD;** a Hong Kong company; **INK LAB (H.K.) CO. LTD**, a Hong Kong | **Civil No. 06-236-BR** <br><br> **JOINT STIPULATION BETWEEN PLAINTIFFS AND ABACUS 24-7 LLC REGARDING AUTHENTICITY OF DOCUMENT PRODUCTIONS** |

company; **NECTRON INTERNATIONAL, LTD.**, a Texas company; **MIPO INTERNATIONAL LTD.**, a Hong Kong company; **MIPO AMERICA, LTD.**, a Florida company; **NINE STAR IMAGE CO. LTD**, a China company; **now known as NINESTAR TECHNOLOGY CO., LTD.**, a China company; **NINE STAR TECHNOLOGY COMPANY, LTD.**, a California company; **TOWN SKY INC.**, a California corporation; **ZHUHAI GREE MAGNETO-ELECTRIC CO. LTD.**, a China company; **MMC CONSUMABLES INC.**, a California company; **TULLY IMAGING SUPPLIES LTD.**, a Hong Kong company; **INKJETWAREHOUSE.COM INC.**, a Connecticut corporation; **WELLINK TRADING CO., LTD.**, a China company; **RIBBON TREE (MACAO) TRADING CO., LTD.**, a China company; **RIBBON TREE (USA) INC.**, dba **CANA-PACIFIC RIBBONS INC.**, a Washington company; **APEX DISTRIBUTING INC.**, a Washington company; **ARTECH GMBH**, a German company; **INK TEC CO. LTD.**, a Korea company; **INK TEC AMERICA CORPORATION**, a Maryland company; **DATAPRODUCTS USA LLC**, a California limited liability corporation; **GERALD CHAMALES CORP.**, dba **RHINOTEK COMPUTER PRODUCTS**, a California corporation; **MASTER INK CO., LTD.**, a Hong Kong company; **ACUJET U.S.A., INC.**, a California company; **RHINOTEK COMPUTER PRODUCTS, INC.**, a Delaware corporation,

                Defendants.

**SEIKO EPSON CORPORATION**, a Japan corporation; **EPSON AMERICA, INC.**, a California corporation; and **EPSON PORTLAND INC.**, an Oregon corporation,
                Plaintiffs,
   v.

**Civil No. 06-477-BR**

**GLORY SOUTH SOFTWARE MANUFACTURING INC.**, a California corporation; **BUTTERFLY PRINT IMAGE CORP. LTD**; a Hong Kong company; **INK LAB (H.K.) CO. LTD**, a Hong Kong company; **NECTRON INTERNATIONAL, LTD.**, a Texas company; **MIPO INTERNATIONAL LTD.**, a Hong Kong company; **MIPO AMERICA, LTD.**, a Florida company; **NINE STAR IMAGE CO. LTD**, a China company; **now known as NINESTAR TECHNOLOGY CO. LTD.**, a China company; **NINE STAR TECHNOLOGY COMPANY, LTD.**, a California company; **TOWN SKY INC.**, a California corporation; **ZHUHAI GREE MAGNETO-ELECTRIC CO. LTD.**, a China company; **MMC CONSUMABLES INC.**, a California company; **TULLY IMAGING SUPPLIES LTD.**, a Hong Kong company; **INKJETWAREHOUSE.COM INC.**, a Connecticut corporation; **WELLINK TRADING CO., LTD.**, a China company; **RIBBON TREE (MACAO) TRADING CO., LTD.**, a China company; **RIBBON TREE (USA) INC., dba CANA-PACIFIC RIBBONS INC.**, a Washington company; **APEX DISTRIBUTING INC.**, a Washington company; **ARTECH GMBH,** a German company; **INK TEC CO. LTD.,** a Korea company; **INK TEC AMERICA CORPORATION,** a Maryland company; **DATAPRODUCTS USA LLC,** a California limited liability corporation; **GERALD CHAMALES CORP., dba RHINOTEK COMPUTER PRODUCTS,** a California corporation; **MASTER INK CO., LTD.,** a Hong Kong company; **ACUJET U.S.A., INC.,** a California company; **RHINOTEK COMPUTER PRODUCTS, INC.,** a Delaware corporation,

      Defendants.

| | |
|---|---|
| **SEIKO EPSON CORPORATION,** a Japan corporation; **EPSON AMERICA, INC.,** a California corporation; and **EPSON PORTLAND INC.,** an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**E-BABYLON, INC., dba 123INKJETS.COM,** a California corporation; **LINKYO CORP., dba SUPERMEDIASTORE.COM,** a California corporation; **CARTRIDGES ARE US, INC.,** a Michigan corporation; **PRINTPAL, INC.,** an Oregon corporation,<br><br>Defendants. | Civil No. 07-896-BR |
| **SEIKO EPSON CORPORATION,** a Japan corporation; **EPSON AMERICA, INC.,** a California corporation; and **EPSON PORTLAND INC.,** an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**INKJETMADNESS.COM, INC. dba INKGRABBER.COM,** a California corporation; **ACECOM INC - SAN ANTONIO, dba INKSELL.COM,** a Texas corporation; **COMPTREE INC., dba MERITLINE.COM,** a California corporation; **MEDIA STREET INC., dba MEDIASTREET.COM,** a New York corporation,<br><br>Defendants. | Civil No. 08-0452-BR |

| | |
|---|---|
| **SEIKO EPSON CORPORATION,** a Japan corporation; **EPSON AMERICA, INC.,** a California corporation; and **EPSON PORTLAND INC.,** an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**ABACUS 24-7 LLC,** an Arizona limited liability company; **EFORCITY CORPORATION, dba EFORCITY.COM,** a California corporation; **R&L IMAGING GROUP, INC., formerly known as IEM CONSUMABLES, INC.,** a California corporation; **XP SOLUTIONS, LLC, dba CLICKINKS.COM,** a Florida limited liability company; **CLICKINKS.COM, LLC,** a Florida limited liability company; **GLOBAL BUSINESS SUPPORT SYSTEMS, INC., dba PRINTCOUNTRY.COM,** a Delaware corporation; **GREEN PROJECT, INC.,** a California corporation; and **JOSEPH WU,** an individual,<br><br>Defendants. | Civil No. 09-477-BR |
| **GREEN PROJECT, INC.,** a California corporation; and **JOSEPH WU,** an individual,<br><br>Counterclaimants,<br><br>v.<br><br>**SEIKO EPSON CORPORATION,** a Japan corporation; **EPSON AMERICA, INC.,** a California corporation; and **EPSON PORTLAND INC.,** an Oregon corporation; and **HERBERT W. SEITZ,** an individual,<br><br>Counter Defendants. | |

It is hereby stipulated and agreed by and among counsel for plaintiffs Seiko Epson Corporation, EPSON America, Inc. and Epson Portland Inc. (collectively "plaintiffs") and counsel for defendant Abacus 24-7 LLC (the "defendant") as follows:

1. Plaintiffs stipulate that any document produced in any of the above-captioned actions (the "Oregon Patent Cases") by plaintiffs (as identified by the Bates prefixes and numbers assigned thereto by plaintiffs), and any true and correct copy thereof, is authentic.

2. The defendant stipulates that any document produced in any of the Oregon Patent Cases by the defendant (as identified by the Bates prefixes and numbers assigned thereto by the producing defendant), and any true and correct copy thereof, is authentic.

3. Plaintiffs will not contend at any deposition or hearing or trial or in any briefing in this matter that any document produced in any of the Oregon Patent Cases by plaintiffs (as identified by the Bates prefixes and numbers assigned thereto by plaintiffs), or any true and correct copy thereof, is not authentic.

4. The defendant will not contend at any deposition or hearing or trial or in any briefing in this matter that any document produced in any of the Oregon Patent Cases by the defendant (as identified by the Bates prefixes and numbers assigned thereto by the producing defendant), or any true and correct copy thereof, is not authentic.

5. Plaintiffs stipulate that documents produced in any of the Oregon Patent Cases by plaintiffs (as identified by the Bates prefixes and numbers assigned thereto by plaintiffs), or any true and correct copies thereof, are what they purport to be. For example, but without limitation, plaintiffs agree that any document labeled as an "Invoice" or "Purchase Order" produced by it in any of the Oregon Patent Cases is in fact an invoice from or to the producing plaintiff or purchase order issue to or received by the producing plaintiff, respectively (unless otherwise indicated on the face of the document).

6. The defendant stipulates that documents produced in any of the Oregon Patent Cases by the defendant (as identified by the Bates prefixes and numbers assigned thereto by the producing defendant), or any true and correct copies thereof, are what they purport to be. For

Page 1 – **JOINT STIPULATION REGARDING AUTHENTICITY OF DOCUMENTS**

example, but without limitation, the defendant agrees that any document labeled as an "Invoice" or "Purchase Order" produced by it in any of the Oregon Patent Cases is in fact an invoice from or to the producing defendant or purchase order issue to or received by the producing defendant, respectively (unless otherwise indicated on the face of the document).

7.  Plaintiffs stipulate that any document produced in any of the Oregon Patent Cases by plaintiffs (as identified by the Bates prefixes and numbers assigned thereto by plaintiffs) that purports to be a memorandum, report, record, or data compilation, in any form, of any transaction(s) involving ink cartridge(s) of any kind (whether empty, compatible, OEM, or remanufactured), was, unless otherwise indicated: (1) made at or near the time of the transaction by, or from information transmitted by, a person with knowledge of the transaction; and (2) kept in the course of a regularly conducted business activity, in which it was the regular practice of that business activity to make the memorandum, report, record or data compilation.

8.  The defendant stipulates that any document produced in any of the Oregon Patent Cases by the defendant (as identified by the Bates prefixes and numbers assigned thereto by the producing defendant) that purports to be a memorandum, report, record, or data compilation, in any form, of any transaction(s) involving ink cartridge(s) of any kind (whether empty, compatible, OEM, or remanufactured), was, unless otherwise indicated,: (1) made at or near the time of the transaction by, or from information transmitted by, a person with knowledge of the transaction; and (2) kept in the course of a regularly conducted business activity, in which it was the regular practice of that business activity to make the memorandum, report, record or data compilation.

9.  Plaintiffs stipulate that any document produced in any of the Oregon Patent Cases by plaintiffs (as identified by the Bates prefixes and numbers assigned thereto by plaintiffs) that purports to be a memorandum, report, record, or data compilation, in any form, of any transaction(s) involving ink cartridge(s) of any kind (whether empty, compatible, OEM, or remanufactured), was, unless otherwise indicated: (1) kept in the course of regularly conducted

**Page 2 – JOINT STIPULATION REGARDING AUTHENTICITY OF DOCUMENTS**

business activity or (2) a compilation of data created by querying a voluminous database of records and thereby represented in the form of a chart, summary, or calculation.

      10.     Defendants stipulate that any document produced in any of the Oregon Patent Cases by plaintiffs (as identified by the Bates prefixes and numbers assigned thereto by plaintiffs) that purports to be a memorandum, report, record, or data compilation, in any form, of any transaction(s) involving ink cartridge(s) of any kind (whether empty, compatible, OEM, or remanufactured), was, unless otherwise indicated: (1) kept in the course of regularly conducted business activity or (2) compilations of data created by querying a voluminous database of records and thereby represented in the form of a chart, summary, or calculation.

**Page 3 – JOINT STIPULATION REGARDING AUTHENTICITY OF DOCUMENTS**

| | |
|---|---|
| Dated: December 8, 2010<br><br>By: *[signature]*<br>　　Justin Brownstone<br>　　justinbrownstone@gmail.com<br><br>　　**David W. Axelrod**<br>　　daxelrod@schwabe.com<br>　　bsorensen@schwabe.com<br><br>　　**Devon Zastrow Newman**<br>　　dnewman@schwabe.com<br><br>　　**Harold A. Barza**<br>　　halbarza@quinnemanuel.com<br><br>　　**Tigran Guledjian**<br>　　tigranguledjian@quinnemanuel.com<br>　　ITCEpson@quinnemanuel.com | *Counsel for Plaintiffs/Counter-Defendants:*<br>*Seiko Epson Corporation,*<br>*Epson America, Inc., and*<br>*Epson Portland Inc., and*<br>*Counter-Defendant Herbert W. Seitz* |
| Dated: December 13, 2010<br><br>By: *[signature]*<br>　　Ramsey Al-Salam<br>　　RAlSalam@perkinscoie.com<br><br>　　**Tyler Peterson**<br>　　TylerPeterson@perkinscoie.com<br><br>　　**Scott D. Eads**<br>　　seads@perkinscoie.com | *Counsel for Defendant Abacus 24-7 LLC* |

**Page 4 – JOINT STIPULATION REGARDING AUTHENTICITY OF DOCUMENTS**

PURSUANT TO PLAINTIFFS' AND ABACUS 24-7 LLC'S JOINT STIPULATION REGARDING AUTHENTICITY OF DOCUMENT PRODUCTIONS, DATED DECEMBER 21, 2010,

IT IS SO ORDERED

Dated: _December 21_, 2010.

_____
HON. ANNA J. BROWN
United States District Court Judge

Page 5 – JOINT STIPULATION REGARDING AUTHENTICITY OF DOCUMENTS